Richard FRANCE *v.* STATE of Arkansas

CR 77-65                                      555 S.W. 2d 225

Opinion delivered September 12, 1977
(Division II)

*Jeff Duty,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was charged with second degree escape, but was found guilty of third degree escape in a court trial. On appeal, his only contention is that under the evidence, he could not be convicted of this offense on the charge placed against him. We disagree and affirm.

The information filed charged appellant ". . . with the crime of wilfully and feloniously escaping from a correctional facility, to wit: Benton County Jail . . . " Appellant's basic contention is capsuled in the first paragraph of his "Brief and Argument," viz:

> The evidence in this case revealed that the appellant had been arrested by Officer Bertschy and Sgt. Casto and taken to the Benton County Jail where he was in the process of being "booked." While he was actually in the County Jail and a prisoner therein, he managed to escape from the jail. There is no question but what the appellant was in detention in the County Jail by virtue of the arrest and issuance of the white warrant by Mr. Bertschy. If he escaped from anything, he escaped from the Benton County Jail by the undisputed testimony.

We accept appellant's evaluation of the evidence for the purposes of this opinion.

Under the Arkansas Criminal Code, a person commits the Class D felony of second degree escape if he escapes from a correctional facility. Ark. Stat. Ann. § 41-2811 (1) (c) (Crim. Code, 1976). He commits the Class A misdemeanor of

third degree escape if he escapes from custody. Custody means actual or constructive restraint by a law enforcement officer pursuant to an arrest or a court order, but does not include detention in a correctional facility, juvenile training school, or a state hospital. Ark. Stat. Ann. § 41-2801 (Crim. Code, 1976). The offense of which appellant was found guilty is one included in the offense with which he was charged. See Ark. Stat. Ann. §§ 41-115, 41-105 (2) (c) (Crim. Code, 1976); Commentary, under § 41-2812. Since this is so, appellant is in no position to complain of being found guilty of the lesser crime. *Thurman* v. *State,* 211 Ark. 819, 204 S.W. 2d 155; *Caton* v. *State,* 252 Ark. 420, 479 S.W. 2d 537; *Kurck* v. *State,* 235 Ark. 688, 362 S.W. 2d 713, cert. den., 373 U.S. 910, 83 S. Ct. 1299, 10 L. Ed. 2d 412; *Hamer* v. *State,* 104 Ark. 606, 150 S.W. 142; *Sexton* v. *State,* 91 Ark. 589, 121 S.W. 1075.

The judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.